IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 20

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EVAN RAINS JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on March 25, 2019 for a hearing on the Government's motion for pre-trial detention and Defendant's Motion for Detention Hearing and Motion for the Court to Set Conditions of Pre-Trial Release ("Motion to Set Conditions") (Doc. 15). In brief, Defendant seeks to be released to a treatment program in Minnesota, and the Government objects.

At the conclusion of the hearing, the Court took the matter under advisement. Having carefully considered the record, the arguments of counsel, and applicable authority, the Court now enters the following Order.

**I.    Procedural History**

Defendant was originally charged by way of a criminal complaint filed on February 8, 2019 (Doc. 1). During an initial appearance held that day, the Government moved for detention. A detention hearing and a preliminary hearing were scheduled for February 15, 2019 but were continued to February 22, 2019 upon Defendant's motion (Doc. 7).

In a five-count bill of indictment filed on February 19, 2019, Defendant was charged with violations of 18 U.S.C. § 2252A(a)(2)(A), 18 U.S.C. § 2251(d), and 18 U.S.C. § 2. (Doc. 8).

Defendant's arraignment and a detention hearing were continued from February 22, 2019 on motion of Defendant.

On February 27, 2019, Defendant was arraigned and entered a plea of not guilty. The Government again moved for pre-trial detention to which Defendant consented, though preserving his right to request a detention hearing in the future.

Defendant filed the instant Motion to Set Conditions on March 8, 2019.

## II.     Summary of Evidence Presented

Special Assistant United States Attorney Alexis Solheim appeared at the hearing on behalf of the Government. Defense counsel Al Messer appeared with Defendant.

### A.  Evidence by the Government

The Government called Special Agent Jason Conboy, who testified regarding his background in law enforcement as well as his involvement in the investigation and arrest of Defendant. Special Agent Conboy testified that Defendant was arrested after distributing child pornography and attempting to arrange, through Internet contacts, a meeting with a minor, through the minor's relative, for the purpose of engaging in sexual contact with the minor. Special Agent Conboy indicated that during the investigation Defendant had referenced communications with a separate minor in California. On cross-examination, Special Agent Conboy acknowledged that Defendant had no criminal history and had not resisted arrest.

The Government also submitted the Pretrial Services Report, which was received without objection.

**B. Evidence by Defendant**

Defendant called Michael Johnson, who is Defendant's father and a prosthodontist residing in the State of Washington. Dr. Johnson testified that Defendant's family is supportive of him and that Dr. Johnson is willing to accompany Defendant in travelling to Minnesota for treatment at Alpha Human Services ("Alpha").

Defendant next called Shaaron Boyles. Ms. Boyles is a North Carolina licensed clinical social worker in private practice. She has experience working with persons accused of sexual crimes and has had an opportunity to meet and evaluate Defendant. Ms. Boyles stated that Defendant presents as significantly depressed and has experienced feelings of social rejection, helplessness, and hopelessness, which have contributed to increasing isolation. She reported that her examination revealed no antisocial tendencies, substance abuse, or criminogenic findings. In addition, she stated that her evaluation suggests Defendant does not have a persistent desire to harm other individuals. She added that from a social perspective, Defendant presents as much younger than his age of 28 years. Ms. Boyles opined that it is important to provide treatment to Defendant for his depression and also to provide socialization for him. Ms. Boyles has had previous experience with Alpha, which she described as being reputable. Though she is not a physician and stated that additional testing would be needed, Ms. Boyles also indicated that she suspects Defendant could be diagnosed as being on the autism spectrum.

Defendant's final witness was Doug Williams, a representative of Alpha. Mr. Williams testified that Alpha operates a residential program for male patients 18 years of age or older who have been involved in, or who are alleged to have been involved in, illegal sexual behaviors. The program, which is operated from a house in Minneapolis, has been licensed by the Minnesota Department of Corrections. Mr. Williams testified that the house has 24-hour staffing and conducts patient head counts every 30 minutes. However, during cross-examination he acknowledged that the house has no law enforcement officers, that at night a minimum of seven patients are monitored by one staff member, and that neither the doors nor the windows of the house lock. Patients do not have general access to the Internet, though certain patients are allowed to use a computer in a common area of the house to search for jobs.

## III. Discussion

Due to the nature of the charges against Defendant, a rebuttable presumption arises pursuant to 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.

In addition to the statutory presumption, the Court has considered the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of Defendant (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the

current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law), and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

Defendant is charged with serious crimes which are considered "crimes of violence" and involve a minor victim for purposes of Section 3142(g)(1). See 18 U.S.C. § 3156(a)(4)(C). The evidence indicates that Defendant either planned to travel to other states or to have the victim travel for these purposes.

If convicted, Defendant could be subject to a lengthy period of incarceration and the weight of the evidence against Defendant appears strong.

Defendant was not interviewed by a Pretrial Services Officer and therefore information about him is unknown or unverified, including his employment history and his financial assets and liabilities.

Defendant's lack of criminal history is noteworthy, and it is recognized that Defendant did not resist arrest. However, the evidence also indicates that Defendant is adept at using technology and employed an alias and/or fictious identification in furtherance of his alleged criminal conduct.

The legitimacy or efficacy of Alpha's treatment program itself has not been questioned by the Government. The arrangement of the house where Defendant would be staying, however, gives the Court pause. The house is not a locked facility, and with head counts performed every half hour, it is possible that a patient's whereabouts could be unknown for up to 30 minutes, which would be more than enough time for a patient to

leave the house (and in fact Mr. Williams admitted that patients have absconded, though less than 20 times over the 35-year history of the program).

On a related point, no evidence was presented regarding the proximity of the house to places where children may be present, such as parks or schools, or whether children are present in the house itself at any time.

Further, though a computer is placed in a public area in the house and is not to be used except by authorized patients, it is not clear that the staff's monitoring of the device, as described by Mr. Williams, would be sufficient to ensure it would be secured against unauthorized use by someone with Defendant's apparent technological skills.

Finally, the Court has closely considered Ms. Boyles' testimony concerning Defendant's mental health struggles. While these difficulties, at least on the record as it currently stands, appear to be legitimate, the potential benefit to Defendant of treatment at Alpha is outweighed by the other concerns described above.

Accordingly, the Court cannot conclude that Defendant has overcome the statutory presumption, or otherwise that conditions could be imposed ensuring Defendant's appearance and protecting the community from danger.

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Detention is **GRANTED**;
2. Defendant's Motion to Set Conditions is **DENIED**; and
3. Defendant shall be **DETAINED** pending disposition of the pending charges**.**

**IT IS FURTHER ORDERED THAT:**

4. Defendant is committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

5. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel; and

6. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Signed: March 28, 2019

W. Carleton Metcalf
United States Magistrate Judge