# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00020-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **EVAN RAINES JOHNSON,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Defendant filed a Sentencing Memorandum and numerous exhibits thereto under seal without first seeking leave of Court. Under Local Criminal Rule 49.1.1(a), materials may be filed under seal only with leave of Court, unless otherwise allowed by the United States Code or the Federal Rules of Criminal Procedure. LCrR 49.1.1(a). The Defendant has not cited to any statute or rule of criminal procedure as a basis for filing of the Defendant's Sentencing Memorandum and exhibits thereto under seal. Accordingly, the Defendant is required to file on the public docket a motion to seal seeking leave of Court to file his Sentencing Memorandum and exhibits thereto under seal. LCvR 6.1(c).

Because leave of Court was not sought as required, the Court will allow the Defendant an opportunity to withdraw his Sentencing Memorandum and exhibits thereto. If the Sentencing Memorandum and exhibits thereto are not withdrawn, or a motion to seal is not filed, the Sentencing Memorandum and exhibits thereto will be unsealed prior to the sentencing in this matter.

If the Defendant chooses to file a motion to seal, such motion must set forth: (1) a non-confidential description specifically identifying the portions of the Defendant's filing sought to be sealed; (2) a statement indicating why the sealing of such portions of the filing is necessary and why there are no alternatives to filing under seal; (3) how long the party seeks to have the materials maintained under seal; and (4) supporting citations to case law, statutes or other authority. LCvR 6.1(c). Further, to the extent alternatives exists to wholesale sealing, consideration should be given to whether a redacted version of the Sentencing Memorandum and exhibits thereto can be made available for the public record. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) (allowing defendant in criminal case to file sealed sentencing memorandum but requiring him to also file a publicly

accessible redacted version).[1] Additionally, the Defendant should carefully review the exhibits filed in support of the Sentencing Memorandum to ensure that restricted public access is even required. A cursory review of the exhibits filed in support of the Sentencing Memorandum indicates that many of these exhibits contain information from publicly accessible sources.

Accordingly, **IT IS, THEREFORE, ORDERED** that prior to the sentencing hearing in this matter, the Defendant shall withdraw his Sentencing Memorandum and exhibits thereto [Docs. 40, 40-1, 40-2, 40-3, 40-5, 40-6, 40-7, 40-8, 40-9, 40-10, 40-11, 40-12, 40-13, 40-14] or file a properly supported motion to seal along with any appropriately redacted versions of the Sentencing Memorandum and exhibits thereto.

If the Sentencing Memorandum and exhibits thereto are not withdrawn, or a motion to seal is not filed, the Sentencing Memorandum and exhibits thereto [Docs. 40, 40-1, 40-2, 40-3, 40-5, 40-6, 40-7, 40-8, 40-9, 40-10, 40-11, 40-12, 40-13, 40-14] will be unsealed prior to the sentencing in this matter.

---

[1] Moving forward, counsel for the Defendant should take note that personal identifiers, such as home addresses or Social Security numbers, may simply be redacted from an exhibit without an unredacted version being filed under seal. See Administrative Procedures Governing Filing and Service by Electronic Means, at 29-31 (W.D.N.C. rev. Jan 1, 2018), available at the Court's website at: https://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/local-rules (last visited Jan. 16, 2020).

**IT IS SO ORDERED.**   Signed: January 16, 2020

Martin Reidinger
United States District Judge