# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00020-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| EVAN RAINES JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 43].

The Defendant, through counsel, moves the Court for leave to file the Reports prepared by Shaaron Boyles, MSW, LCSW, and Dr. John Warren, Ph.D., [Docs. 40-1, 40-2, 40-3] under seal in this case. For grounds, counsel states that the reports contain confidential mental health information that is normally protected by the Health Insurance Portability and Accountability Act (HIPAA). [Doc. 43]. Counsel also clarifies that the Defendant's Sentencing Memorandum and remaining exhibits thereto [Docs. 40, 40-4, 40-5, 40-6, 40-7, 40-8, 40-9, 40-10, 40-11, 40-12, 40-13, 40-14] were erroneously filed under seal instead of on the public docket. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 17, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the reports contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. <u>See</u> <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the Reports is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's Reports, the Court finds that the Reports contain case material and information of the nature that is ordinarily

sealed and appropriate to be shielded from public access. See <u>United States v. Harris</u>, 890 F.3d at 492.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file the Reports prepared by Shaaron Boyles, MSW, LCSW, and Dr. John Warren, Ph.D. [Docs. 40-1, 40-2, 40-3] under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 43] is **GRANTED**, and the Defendant's Reports [Docs. 40-1, 40-2, 40-3] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS FURTHER ORDERED** that the Defendant's Sentencing Memorandum and remaining exhibits thereto [Docs. 40, 40-4, 40-5, 40-6, 40-7, 40-8, 40-9, 40-10, 40-11, 40-12, 40-13, 40-14] shall be unsealed.

**IT IS SO ORDERED.**

Signed: January 22, 2020

Martin Reidinger
United States District Judge